UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

IYMANNI DANIELS AND DAVID CORLEY,

                    Plaintiffs,

                -against-

THE CITY OF NEW YORK, DETECTIVE KEITH
AMES, Shield 0413, Individually and in his Official
Capacity, and Police Officers "JOHN DOE" #1-10,
Individually and in their Official Capacity (the name John
Doe being fictitious, as the true names are presently
unknown),

                    Defendants.

-------------------------------------------------------------------X

**COMPLAINT**

**JURY TRIAL DEMANDED**

**ECF CASE**

       Plaintiffs IYMANI DANIELS and DAVID CORLEY, by their attorneys, The Law Office

of Robert W. Georges, Esq., complaining of the defendants, respectfully allege as follows:

### PRELIMINARY STATEMENT

       1.      Plaintiffs bring this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of their civil

rights, as said rights are secured by said statutes and the Constitutions of the State of New York

and the United States.

### JURISDICTION

       2.      This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the

Fourth and Fourteenth Amendments to the United States Constitution.

       3.      Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

## VENUE

4.      Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.      Plaintiff IYMANNI DANIELS ("Ms. Daniels") is a 30 year-old African American female, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

7.      Plaintiff DAVID CORLEY ("Mr. Corley") is a 31 year-old African American male, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

8.      Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9.      Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, The City of New York.

10.     At all times hereinafter mentioned, defendant DETECTIVE KEITH AMES ("Det. Ames"), and Police Officers JOHN DOE #1-10 ("PO John Doe 1-10") were duly sworn police

officers of said department and were acting under the supervision of said department and according to their official duties.

11.     At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

12.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

13.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## FACTS

14.     Ms. Daniels and Mr. Corley are a married couple with two children, Alanni Corley, age 7, and Damani Corley, age 4.

15.     Neither Ms. Daniels nor Mr. Corley has ever been convicted of a crime.

16.     At the time of the incident herein, Ms. Daniels was employed as a teacher's assistant with the Board of Education and Mr. Corley was enrolled at BMCC as a full-time student attending school five days a week.

17.     On or about September 26, 2013, at approximately 6:20 a.m., Ms. Daniels and Mr. Corley were lawfully present in their apartment at 1280 Sheridan Avenue, Apartment 5D, in the County of Bronx in the City and State of New York.

18.     At the aforementioned time and place, defendant police officers hammered the door of plaintiffs' apartment using a ram device to gain entry.

19.     Defendant police officers entered the apartment with their guns drawn and flash lights on.

20.     Ms. Daniels and Mr. Corley, and their children, age 4 and 7, were terrified.

21.     Ms. Daniels and Mr. Corley were taken into the living room and were immediately handcuffed.

22.     Ms. Daniels and Mr. Corley asked defendant officers to show them a valid search warrant.

23.     Defendant police officers failed to show Ms. Daniels and Mr. Corley a valid search warrant.

24.     Upon information and belief, defendant police officers did not enter pursuant to a valid search or arrest warrant.

25.     Upon information and belief, defendant police officers did not execute the search pursuant to a valid search warrant.

26.     Defendant police officers repeatedly warned Ms. Daniels and Mr. Corley that they would be shot if they moved.

27.     At all times Ms. Daniels and Mr. Corley complied with defendant police officers' commands.

28.     While Ms. Daniels and Mr. Corley were in custody, defendant police officers searched the entire apartment and did not uncover any controlled substances or evidence of criminal or unlawful activity.

29.     Defendant police officers forced Mr. Corley to pull down his pants and defendant police officers examined his private body parts.

30.     Defendants then used a hammer to smash open a section of the bedroom wall.

31.     Defendants allegedly found approximately four hundred empty capsules and three pipes, all of which were dusty, dirty and obviously very old.

32.     Without legal justification, defendants arrested Ms. Daniels and Mr. Corley.

33.     Ms. Daniels and Mr. Corley were charged with one count of Criminal Possession of a Controlled Substance in the Seventh Degree.

34.     At no time on September 26, 2013, did Ms. Daniels or Mr. Corley possess or control any contraband or controlled substance.

35.     As a result of their unlawful arrest, Ms. Daniels and Mr. Corley both spent approximately thirty-six (36) hours in police custody.

36.     Ms. Daniels and Mr. Corley were then arraigned and released on their own recognizance.

37.     Upon information and belief, defendants filled out false and misleading police reports and forwarded them to prosecutors at the Bronx County District Attorney's Office.

38.     Thereafter, defendants repeatedly gave false and misleading testimony regarding the facts and circumstances of plaintiffs' arrest.

39.     While Ms. Daniels and Mr. Corley were being held in prison, their apartment was burglarized.

40.     The following items were stolen from their apartment: HP desktop computer, a video camera, an XBOX and Playstation, approximately twenty-five video games, two cell phones, and various jewelry, including Ms. Daniels' wedding ring.

41.     On or about January 10, 2014, all charges against plaintiffs were adjourned in contemplation of dismissal. The charges were then dismissed and sealed on February 7, 2014.

42.     As a result of the foregoing, i) Ms. Daniels was suspended from her job with the City of New York's Board of Education, resulting in a loss of income, ii) the NYC Administration for Children Services (ACS) investigated plaintiffs resulting is a disruption of their parental rights, and iii) an eviction proceeding was brought in Housing Court against plaintiffs.

43.     As a result of the foregoing, plaintiffs sustained, *inter alia*, loss of liberty, mental anguish, shock, fright, apprehension, embarrassment and humiliation, and deprivation of their constitutional rights.

## FIRST CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

44.     Plaintiffs repeat and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

45.     Defendants have deprived plaintiffs of their civil, constitutional and statutory rights under color of law and are liable to plaintiffs under 42 USC 1983.

46.     Defendants have deprived plaintiffs of their right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that plaintiffs were falsely arrested by defendants.

47.     Defendants confined plaintiffs.

48.     Plaintiffs were aware of, and did not consent to, their confinement.

49.     The confinement was not privileged.

50.     Plaintiffs have been damaged a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## SECOND CLAIM FOR RELIEF
## MALICIOUS PROSECUTION UNDER U.S.C. § 1983

51.     Plaintiffs repeat and reallege each of the preceding allegations of this Complaint as if fully set forth herein.

52.     Defendants have deprived plaintiffs of their civil, constitutional and statutory rights under color of law and are liable to plaintiffs under 42 USC 1983.

53.     Defendants have deprived plaintiffs of their right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that plaintiffs were maliciously prosecuted by defendants.

54.     The malicious prosecution was initiated by defendants without legal justification and without probable cause, in that defendants caused the commencement and continuation of criminal proceedings against plaintiffs, the proceedings terminated in favor of plaintiffs, and in that the action was commenced and continued intentionally and with malice and deliberate indifference to plaintiffs' rights.

55.     Plaintiffs have been damaged as a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## THIRD CLAIM FOR RELIEF
## DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL
## UNDER 42 U.S.C. § 1983

56.     Plaintiffs repeat and reallege each of the preceding allegations of this Complaint as if fully set forth herein.

57.     Defendants have deprived plaintiffs of their civil, constitutional and statutory rights under color of law and are liable to plaintiffs under 42 USC 1983.

58.     Defendants have deprived plaintiffs of their right to a fair trial, pursuant to the Fifth and Sixth Amendments to the United States Constitution.

59.     Defendants created false information likely to influence a jury's decision and then forwarded that information to prosecutors, resulting in plaintiffs suffering a deprivation of liberty and a violation of their rights.

60.     Plaintiffs have been damaged a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## FOURTH CLAIM FOR RELIEF
### UNLAWFUL SEARCH AND ENTRY UNDER 42 U.S.C. § 1983

61.     Plaintiffs repeat and reallege each of the preceding allegations of this Complaint as if fully set forth herein.

62.     As a result of the aforesaid conduct by defendants, plaintiffs' home, possessions and persons were illegally and improperly searched in violation of their constitutional rights as set forth in the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

63.     As a result of the aforesaid conduct by the defendants, plaintiffs' home was entered illegally, without a warrant, without probable cause, without consent, and at a time not prescribed in a warrant, in violation of their constitutional rights as set forth in the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

64.     Defendants have deprived plaintiff Mr. Corley of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that plaintiff Mr. Corley was subjected to an unreasonable cavity search.

8

65.     As a result of the aforesaid conduct by the defendants, plaintiffs' were not provided a copy of a warrant upon their request, in violation of their constitutional rights as set forth in the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

66.     Plaintiffs have been damaged a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

### FIFTH CLAIM FOR RELIEF
### MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

67.     Plaintiffs repeat and reallege each of the preceding allegations of this Complaint as if fully set forth herein.

68.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

69.     The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department included, but were not limited to, the following unconstitutional practices:

> A.  Obtaining no-knock warrants by misrepresenting to judges the reliability of information received from confidential informants;
>
> B.  Entering premises at a time not authorized in the warrant;
>
> C.  Arresting any and all individuals in or around a premises named in a search warrant regardless of probable cause;
>
> D.  Refusing to present the warrant to individuals upon request; and
>
> E.  Arresting individuals in the absence of probably cause in order to inflate the officers' arrest statistics.

70.     The existence of the aforesaid unconstitutional customs and policies may be

inferred from repeated occurrences of similar wrongful conduct, as documented in the following civil rights actions filed against the City of New York:

- **Middleton v. City of New York**, 09 CV 4656 (plaintiff was arrested along with the occupants of the house as a result of drugs being found in a bedroom where she was not located and held for thirty (30) hours before the District Attorney declined prosecution because there was no evidence consistent with her knowledge or possession of the drugs recovered).

- **Hoover v. City of New York**, 09 CV 0088 (plaintiff was arrested along with all of the occupants of the apartment because drugs were found secreted in two bedrooms where plaintiff was not located and held for twenty four (24) hours before the District Attorney declined prosecution because there was no evidence consistent with her knowledge or possession of the drugs recovered).

- **Nunez v. City of New York**, 09 CV 8798 (plaintiffs were arrested along with all of the occupants of an apartment because a gun was found in a locked safe in the one of the occupants room and were held twenty four (24) hours before the District Attorney declined prosecution because there was no evidence consistent with their knowledge or possession of the gun).

- **Batista v. City of New York**, 08 CV 7639 (plaintiffs were arrested along with all of the occupants of an apartment as the result of a drugs found in one of the occupants pocket and were all held twenty four (24) hours before the District Attorney declined prosecution because there was no evidence consistent with their knowledge or possession of the drugs).

- **Ramos v. City of New York**, 10 CV 1171 (plaintiff was arrested with all other individuals located in an apartment as the result of a single pill of Ciboxen recovered in the owners bedroom nightstand and were all held twenty four (24) hours before the District Attorney declined prosecution because there was no evidence consistent with their knowledge or possession of the drugs).

71.     The forgoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiffs.

72.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs as alleged herein.

73.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiffs as alleged herein.

74.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiffs constitutional rights.

75.     The acts complained of deprived plaintiffs of their rights:

    A.  Not to be deprived of liberty without due process of laws;

    B.  To be free from seizure and arrest not based upon probable cause;

    C.  To be free from malicious prosecution;

    D.  To be free from unlawful search;

    E.  Not to have summary punishment imposed upon them; and

    F.  To receive equal protection under the law.

76.     As a result of the foregoing, plaintiffs are entitled to compensatory damages and are further entitled to punitive damages against the individual defendants.

**WHEREFORE,** plaintiffs Iymani Daniels and David Corley respectfully request judgment against defendants as follows:

    i.  an order awarding compensatory damages in an amount to be determined at trial;

    ii.  an order awarding punitive damages in an amount to be determined at trial;

    iii.  reasonable attorneys' fees and costs under 42 U.S.C. § 1988; and

    iv.  directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
       May 16, 2014

Respectfully submitted,

The Law Office of
Robert W. Georges, Esq.

By: _Robt W. Georges_

Robert W. Georges
The Woolworth Building
233 Broadway, Suite 1800
New York, New York 10279
Tel (212) 710-5166
Fax (212) 710-5162
rgeorges@georgesesq.com

INDEX NO.

YEAR

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IYMANNI DANIELS and DAVID CORLEY,

                              Plaintiff,

          -against-

THE CITY OF NEW YORK, DET. KEITH AMES,
Shield No. 0413, Individually and in his Official Capacity,
and P.O.'s "JOHN DOE" #1-10, Individually and in their Official
Capacity (the name John Doe being fictitious, as the true names are
presently unknown),

                              Defendants.

## SUMMONS AND COMPLAINT

### ROBERT W. GEORGES

*Attorney for* Plaintiff
*Office and Post Office Address, Telephone*
233 Broadway - Suite 1800
New York, New York 10279
(212) 710-5166

Signature (Rule 130-1.1a)

Print Name Beneath

To
Attorney(s) for  Defendants

Service of a copy of the within is hereby admitted.          Dated

Attorney(s) for

PLEASE TAKE NOTICE

Q       NOTICE OF ENTRY

        that the within is a (certified) true copy of a
        duly entered in the office of the clerk of the within named court on          20

Q       NOTICE OF SETTLEMENT

        that an order                              of which the within is a true copy
        will be presented for settlement to the HON.          one of the judges of the
        within named Court, at
        on                    20          at

Dated,                                        Yours, etc.